CV 13 - 7330

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL O'TOOLE,
BENEDETTO UMBRA, JOSEPH A. FERRARA, SR.,
FRANK H. FINKEL, MARC HERBST, DENISE
RICHARDSON, AND THOMAS F. CORBETT, as
Trustees and Fiduciaries of the Local 282 Welfare Trust
Fund, the Local 282 Pension Trust Fund, the Local 282
Annuity Trust Fund, the Local 282 Job Training Trust
Fund, and the Local 282 Vacation and Sick Leave Trust
Fund,

                        Plaintiffs,

      - against -

ACME SKILLMAN CONCRETE CO., INC. and
FERNANDO MINCHELLA,

                        Defendants.

-------------------------------------------------------------------x

Civil Action No.:

BIANCO, J.

TOMLINSON, M.J.

## COMPLAINT

Plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony D'Aquila, Michael O'Toole, Benedetto Umbra, Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise Richardson, and Thomas F. Corbett, as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively, the "Funds"), for their complaint allege as follows:

## INTRODUCTION

This is an action under the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA") to collect delinquent contributions and various other sums owed by an employer to employee benefit plans.

00303562.6

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§185(a), 1132(a)(3), 1132(e)(1), 1132(f) and 1145.

2. Venue lies in this district under 29 U.S.C. §1132(e)(2), as the Funds are administered in this district. Venue also lies in this district under 29 U.S.C. §185(a).

## THE PARTIES

3. Plaintiffs are Trustees and fiduciaries of the Funds within the meaning of 29 U.S.C. §1002(21)(A), as they have discretion and control over the assets and administration of the Funds.

4. The Funds are "employee benefit plans" and "multiemployer plans" within the meaning of 29 U.S.C. §1002(3) and §1002(37), with their principal place of business at 2500 Marcus Avenue, Lake Success, New York 11042. The Funds are jointly administered by a Board of Trustees, comprised of an equal number of labor and management representatives in accordance with Section 302(c)(5) of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. §186(c)(5).

5. The Funds are maintained pursuant to a Restated Agreement and Declaration of Trust (the "Trust Agreement") for the purposes of collecting and receiving contributions from employers bound to collective bargaining agreements with the Building Material Teamsters Local 282, International Brotherhood of Teamsters (the "Union") and providing benefits to eligible participants.

6. The collective bargaining agreements and the Trust Agreement set forth "terms of the plan," establishing that the Trustees are fiduciaries responsible for administering the Funds and that the Funds are beneficiaries of the collective bargaining and Trust Agreement

terms. Accordingly, the Trustees have legal right to bring suit under 29 U.S.C. §1132(a)(3) and 29 U.S.C. §1145.

7. Acme Skillman Concrete Co., Inc. ("Acme") is, and at all times relevant to this action has been, an "employer" within the meaning of 29 U.S.C. §1002(5) and the Trust Agreement.

8. Fernando Minchella ("Minchella") is the President of Acme. By acting directly or indirectly in the interest of Acme, Minchella constitutes an "employer" as defined by Section 3(5) of ERISA, 29 U.S.C. §1002(5) and Section 301(a) of the LMRA, 29 U.S.C. §185(a).

## **FACTUAL BASIS FOR CLAIM**

The Collective Bargaining Agreement, the Trust
Agreement and the Obligation To Contribute to the Funds

9. Acme is a party to the New York City Heavy Excavating Contracts with the Union in effect for the periods from July 1, 2009 through June 30, 2013 and July 1, 2013 through June 30, 2017 (collectively, the "CBAs").

10. Pursuant to the CBAs, contributions are due forty-five days after the close of the calendar month.

11. Along with the contributions, Acme is also required to submit remittance reports to the Funds. The remittance reports provide Acme's statement of the employees who performed work covered by the CBAs and the number of hours each such employee worked in covered employment.

12. The CBAs provide that Acme is bound to the Trust Agreement.

13. The Trust Agreement provides that if Acme fails to remit contributions by the date due, Acme is liable to the Funds for (i) the delinquent contributions; (ii) interest at the

rate of 1.5% per month (18% per year); (iii) an amount equal to the greater of (a) interest on the delinquent contributions or (b) liquidated damages of 20 percent of the delinquent contributions; and (iv) the Funds' attorney's fees and costs.

The Stipulation

14. To resolve the Funds' claim for amounts due based on submitted remittance reports for the months of April 2012 through January 2013, Acme and Minchella (collectively, the "Defendants") entered into a Stipulation of Settlement ("Stipulation") with the Funds (dated April 22, 2013) which set forth settlement terms.

15. In the Stipulation, Acme admitted that it owed a total of $63,603.12, consisting of: (1) $47,811.93 due in unpaid contributions for the period of June 2012 through January 2013, (2) $3,311.54 due in interest as a result of unpaid contributions for the months of June 2012 through January 2013 and late-paid contributions for the months of April 2012 and May 2012 (calculated at an annual rate of 18% through March 7, 2013), (3) $12,073.80 due in liquidated damages as a result of unpaid contributions for the period of June 2012 through January 2013 and late-paid contributions for the months of April 2012 and May 2012, and (4) $405.86 due in attorney's fees and costs incurred (calculated through March 7, 2013).

16. Pursuant to the Stipulation, the Defendants, jointly and severally, were to make an initial payment in the amount of $5,152.96 due on May 1, 2013, followed by nine monthly payments each in the amount of $5,152.93 due on the first of each consecutive month.

17. Pursuant to the Stipulation, the Defendants, jointly and severally, further agreed to make all required ongoing contribution payments to the Funds when and as they become due, *i.e.*, contributions beginning with the month of February 2013, and that a failure to make such payments would constitute a default under the Stipulation.

18. In the Stipulation, Minchella agreed to be jointly and severally liable with Acme for all amounts due under the Stipulation, including, ongoing contributions for the months beginning February 2013.

19. Minchella, on behalf of himself personally, and as principal of Acme, also signed affidavits for judgment by confession to be entered in New York Supreme Court, County of Queens in the event of a Stipulation default, strictly as to the $63,603.12 (less any payments made) confessed amount.

20. The parties agreed in the Stipulation that the Stipulation constitutes an agreement within the meaning of Section 515 of ERISA, 29 U.S.C. §1145.

21. By consent, as set forth in the Stipulation, the Defendants agreed to submit to the jurisdiction of this Court or such other court of competent jurisdiction.

22. Minchella signed the Stipulation twice: first in his capacity as the President of Acme, and second in his individual capacity.

23. Minchella personally signed the Stipulation and agreed to be personally liable for the amounts due in consideration for and as an inducement to the Funds to enter into the Stipulation.

24. The Stipulation provides that, in the event of a default by the Defendants, which is not cured within ten calendar days after receipt of written notice, the Funds shall be entitled to commence an action against the Defendants in this Court for breach of the Stipulation in order to collect the full amount of the stipulated amount actually due, plus interest, liquidated damages, and attorneys' fees and costs, less any payments made.

25. The Defendants failed to remit the installment payments due under the Stipulation in accordance with the payment schedule commencing with the payment due on

October 1, 2013 and failed to remain current in their ongoing contribution obligations, commencing with contributions due for the month of February 2013.

26. By letters dated September 17, 2013 and October 15, 2013, the Trustees notified the Defendants of their default under the Stipulation.

27. The Defendants failed to cure the default within 10 calendar days, as required by the Stipulation.

28. As of the date of this complaint, the Defendants remain in default in that they have failed to remit the installment payments due under the Stipulation in accordance with the payment schedule and have failed to remain current in their ongoing contribution obligations.

29. Accordingly, the Trustees caused judgments strictly as to the principal balance due under the Stipulation, plus interest to be entered against the Defendants in the Supreme Court of New York, County of Queens.

30. Through this complaint, the Trustees seek to hold Defendants jointly and severally liable for Acme's ongoing contributions due pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Trust Agreement, the CBAs, and by the terms of the Stipulation.

31. Therefore, through this complaint, the Trustees seek to hold the Defendants jointly and severally liable for contributions due per submitted remittance reports for the period of months commencing February 2013.

32. Through this complaint, the Trustees also seek to hold Acme liable for an audited deficiency.

33. Through this complaint, the Trustees do not seek to hold the Defendants liable for any amounts already reduced to judgment.

34. Therefore, through this complaint, the Trustees do not seek to hold Defendants liable for contributions due per submitted remittance reports for the months of June 2012 through January 2013.

Unpaid Contributions

35. Since February 2013, the Defendants have failed to remit to the Funds contributions that are due and owing.

36. As noted, per the Stipulation, Minchella agreed to be personally liable for these amounts.

37. By letters dated September 17, 2013 and October 15, 2013, Funds' counsel requested payment of the delinquent contributions.

38. To date, the Defendants have failed to pay the contributions owing for the months of February 2013 to date.

Audit

39. Following an examination of Acme's books and records for the period from March 30, 2011 through April 3, 2012, the Trustees' auditor issued an audit report reflecting that Acme owes $519.40 in contributions, plus attendant damages owed.

40. By letters dated October 26, 2012, March 14, 2013, and July 25, 2013, the Funds requested payment of the audited deficiency for the period from March 30, 2011 through April 3, 2012.

41. By letters dated September 17, 2013 and October 15, 2013, Funds' counsel requested payment of the audited deficiency for the period from March 30, 2011 through April 3, 2012.

42. To date, Acme has failed to remit payment of the audited deficiency for the period from March 30, 2011 through April 3, 2012.

Other Amounts

43. On information and belief, additional amounts will continue to become due and owing to the Funds by the Defendants, jointly and severally, during the pendency of this action, including, but not limited to, additional contributions and attendant damages due pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Trust Agreement, the CBAs, and by the terms of the Stipulation.

## COUNT I — ERISA — AGAINST ACME

44. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

45. Section 515 of ERISA, 29 U.S.C. §1145, requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

46. Acme's failure to pay contributions, interest, liquidated damages, and attorney's fees and costs owing to the Funds, violates the CBAs, the Trust Agreement (which is incorporated into the CBAs), and the terms of the Stipulation, and thus gives rise to an action under ERISA Section 515.

47. Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), mandates that

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce [Section 515] in which a judgment in favor of the plan is awarded, the court shall award the plan, the unpaid contributions,
> (a) interest on the unpaid contributions,
> (b) an amount equal to the greater of
>     (i) interest on the unpaid contributions or;
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher

       percentage as may be permitted under Federal or State law) of the [unpaid contributions],
- (c) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
- (d) such other legal or equitable relief as the court deems appropriate.

    For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan....

48. The Funds are thus entitled under ERISA Section 502(g)(2) to unpaid contributions, interest, liquidated damages, attorney's fees and costs.

### COUNT II — LMRA – AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

49. Section 301 of the LMRA, 29 U.S.C. §185(a), provides a federal cause of action for "[s]uits for violation of contracts between an employer and a labor organization."

50. By failing to pay the contributions and other amounts owing, the Defendants have violated the CBAs, the Trust Agreement (which is incorporated into the CBAs), and the Stipulation.

51. The Defendants are thus jointly and severally liable under LMRA Section 301(a) for the unpaid contributions, interest, liquidated damages, attorney's fees and costs.

### COUNT III — PERSONAL LIABILITY – AGAINST MINCHELLA

52. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

53. As a result of Acme's failure to make the payments to the Funds as required under the Stipulation, including the ongoing contributions sought in through this complaint, Minchella is personally liable for such obligations, thereby giving rise to an action to enforce the Stipulation under common law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter a judgment:

1. ordering Acme to submit remittance reports for any months for which such reports have not been submitted as of the date judgment is entered;

2. ordering the Defendants, jointly and severally, to pay to the Funds (i) all delinquent contributions owed that have not yet been reduced to judgment; (ii) interest on all delinquent and late-paid contributions at the rate of 18% per year; (iii) an amount of liquidated damages equal to the greater of (a) interest on the delinquent and late-paid contributions or (b) 20 percent of the delinquent contributions; and (iv) the Funds' attorney's fees and costs.

3. Providing such other legal and equitable relief as the Court deems proper, including injunctive relief where warranted.

Dated: New York, New York
December 23, 2013

*/s/ Michael S. Adler*

Joseph J. Vitale
Michael S. Adler
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, NY 10036-6976
212-563-4100

Attorneys for Plaintiffs